IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

EDWIN ALEXIS CASCO-ALAS,

Petitioner,

vs.

WARDEN, McCook, et al.,

Respondents.

8:26-CV-558

MEMORANDUM AND ORDER CONDITIONALLY GRANTING WRIT OF HABEAS CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his detention is unlawful. Filing 1. The Court will conditionally grant the petition.

The petitioner is a native of El Salvador. Filing 8 at 3. He arrived in the United States at near Hidalgo, Texas on December 4, 2019. Filing 8 at 3. On December 14, he was taken into custody as an unaccompanied minor child (UAC, served with a notice to appear, and placed in removal proceedings. Filing 8 at 3; filing 8-1; filing 8-2; filing 8-3. On February 22, he was released to an unrelated sponsor. Filing 8 at 4.

On August 26, 2026, the petitioner was encountered by the Nebraska State Patrol during a traffic stop in Omaha, Nebraska. Filing 8 at 4. When he was unable to provide identification, he was detained, taken into ICE custody, and placed in removal proceedings. Filing 8 at 4; filing 8-4; filing 8-5.

The government's primary argument is that the petitioner was "seeking admission" to the United States when detained, and is subject to detention without bond pursuant to § 1225(b)(2)(A). *See* filing 6 at 5-7 (citing *Avila v.*

*Bondi*, 170 F.4th 1128 (8th Cir. 2026)). The Court disagrees. As this Court has previously explained,

> It's true that the petitioner is no longer a "UAC," and is not covered by the particular procedural protections that apply to that group of noncitizens. *See* 6 U.S.C. § 279(g)(2); 8 C.F.R. § 236.3(d)(2). However, when ICE released the petitioner, that release was not conditioned on him remaining a child. While the petitioner was not released "on his own recognizance," *see* § 279(b)(2)(B), the circumstances are analogous, and the petitioner was effectively subject to conditional parole.

*Ixquiactap-Ajpacaja v. Mullin*, No. 4:26-CV-3143, 2026 WL 1295702, at *1 (D. Neb. May 12, 2026) (citation omitted). Accordingly, the petitioner has a due process right to a post-deprivation opportunity to challenge his detention. *Id.* at *1 (citing *Dos Santos Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026)). Accordingly,

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2. The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **<u>on or before October 1, 2026</u>**.

3. The petitioner and his counsel shall be told about the hearing in advance, and the petitioner shall have the opportunity to be represented by counsel and offer evidence to support reasons for his release.

4. If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

5. **<u>On or before October 6, 2026</u>**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 24th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge